**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
(804) 644-1700
  *Counsel for Lynn L. Tavenner, Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| IN RE:  GEORGE EASF SHAHEEN, | Case No. 11-31102-KRH |
|                              | Chapter 7 |
| Debtor. | |

### TRUSTEE'S MOTION TO APPROVE
### COMPROMISE WITH GLORIA DEAN SHAHEEN

Lynn L. Tavenner, Trustee for the Bankruptcy Estate of George Easf Shaheen (the "Trustee"), by counsel, moves to approve a settlement reached with Gloria Dean Shaheen ("Mrs. Shaheen") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.  The Trustee states the following in support of this motion:

### PARTIES AND JURISDICTION

1. On February 22, 2011, George Easf Shaheen (the "Debtor") filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code.

2. Mrs. Shaheen is the Debtor's spouse.

3. The Trustee is the duly appointed Chapter 7 trustee for the Bankruptcy Estate.

4. This is a core proceeding pursuant to 28 U.S.C. § 157.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4840-1465-3719.3

**BACKGROUND**

5. On February 21, 2013, the Trustee initiated an adversary proceeding against Mrs. Shaheen seeking: (a) to avoid the transfer of the Debtor's interest in a Venture Annuity issued by John Hancock Life Insurance Company (Account No. 2627691) (the "Annuity"); and (b) to avoid the transfer of the Debtor's retirement funds used to purchase a Certificate of Deposit titled in both his and Mrs. Shaheen's names from Virginia Commonwealth Bank (Account No. 820013506) (the "CD").

6. On October 18, 2013, the Court entered the *Order for Turnover of Annuity* [Docket No. 28] requiring Mrs. Shaheen to turn over the Annuity to the Trustee. On December 10, 2013, Mrs. Shaheen filed a *Notice of Appeal* [Docket No. 63]. The settlement does not affect the appeal.

7. The settlement to be approved relates solely to the CD. Mrs. Shaheen agrees to deliver to the Trustee one-half of the balance of the CD. The amount is approximately $30,250.00. In exercising her business judgment, the Trustee has concluded the settlement is fair and equitable and in the best interests of the Debtor's estate and creditors.

**ARGUMENT**

8. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences

and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

9. <u>The potential difficulties, if any, in collection</u>. No collection difficulty exists; however, the estate would have incurred significant legal expenses to conduct a trial and any possible appeal. Under the settlement, the estate will avoid the risk of litigation and receive at least what it may net after paying legal expenses if a trial was conducted. This factor favors approval of the compromise.

10. <u>The complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it</u>. The litigation is not complex, but the expenses, inconveniences and delays attending it can all be avoided under the settlement. This factor favors approval of the settlement.

11. <u>The paramount interest of the creditors</u>. The payment to the estate represents a reasonable settlement with Mrs. Shaheen. The settlement will provide a certain recovery without delay and avoid the potentially large administrative expenses of litigation. This factor favors approval of the settlement.

**WHEREFORE**, the Trustee requests the Court to approve the compromise and to award any further relief the Court deems proper.

                **LYNN L. TAVENNER, TRUSTEE**

            By /s/ Jeremy S. Williams
                  Counsel

**KUTAK ROCK LLP**
Loc Pfeiffer, VSB No. 39632
Jeremy S. Williams, VSB No. 77469
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
804-644-1700
loc.pfeiffer@kutakrock.com
jeremy.williams@kutakrock.com
 *Counsel for Lynn L. Tavenner, Trustee*

## CERTIFICATE OF SERVICE

   I hereby certify under penalty of perjury that on January 8, 2014, a true and exact copy of the foregoing was served via electronic mail and first-class mail on the following parties:

*Counsel for Defendant:*
Bruce H. Matson
Bruce.Matson@leclairryan.com

*Debtor:*
George Easf Shaheen
786 Cedar Run Trail
Manakin-Sabot, VA  23103

            /s/ Jeremy S. Williams
              Counsel