**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
(804) 644-1700
  *Counsel for Lynn L. Tavenner, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| IN RE:  GEORGE EASF SHAHEEN, | Case No. 11-31102-KRH |
| | Chapter 7 |
| Debtor. | |

**CONSENT MOTION TO REFER OBJECTION TO**
**EXEMPTIONS TO JUDICIAL MEDIATION**

Lynn L. Tavenner, Trustee for the Bankruptcy Estate of George Easf Shaheen (the "Trustee"), by counsel and with the consent of George Easf Shaheen (the "Debtor"), moves the Court to refer to mediation the Objection to Exemptions (defined below), pursuant to Rule 83.6 of the Local Rules for the United States District Court for the Eastern District of Virginia, as incorporated by Local Bankruptcy Rule 9019.  In support of this motion, the Trustee states:

**PARTIES AND JURISDICTION**

1.      On February 22, 2011, George Easf Shaheen (the "Debtor") filed a voluntary bankruptcy petition under Chapter 13 in this Court.

2.      The Trustee is the duly appointed Chapter 7 trustee for the Bankruptcy Estate.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  The Court has personal jurisdiction over all necessary parties.

**BACKGROUND**

4.      The Trustee has objected to certain exemptions claimed by the Debtor.   The details of the objections are set forth in (i) the *Trustee's Objection to Debtor's Exemptions* (filed September 16, 2011 as Docket Entry No. 37); and (ii) the *Trustee's Amended Objection to Exemptions* (filed October 13, 2013 as Docket Entry No. 48) (collectively the "Objection to Exemptions").  The Debtor has filed responses to the Objection to Exemptions.  No hearing has been scheduled and no discovery has commenced.   At issue are exemptions exceeding $1.7 million.

5.      Both the Trustee and the Debtor have agreed the best course of action is to pursue a judicial mediation of the Objection to Exemptions before engaging in lengthy and expensive litigation.  As mentioned to the Court at an earlier hearing, the parties believe that a judicial mediator will help to bridge the gap between the parties.  The Trustee submits that this process would serve the best interests of the estate because a settlement would eliminate the risks and expenses associated with the litigation.  Further, a successful mediation would preserve the limited resources of this Court.   This process also fulfills the public policy recognized in the Local Rules of the federal courts – judicial mediation should be pursued as a means of resolving disputes.

WHEREFORE, the Trustee requests the Court to refer the Objection to Exemptions to judicial mediation pursuant to Rule 83.6 of the Local Rules for the United States District Court for the Eastern District of Virginia, as incorporated by Local Bankruptcy Rule 9019, and to award any further relief the Court deems proper.

**LYNN L. TAVENNER, TRUSTEE**

/s/ Jeremy S. Williams

**KUTAK ROCK LLP**
Loc Pfeiffer, VSB No. 39632
Jeremy S. Williams, VSB No. 77469
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
804-644-1700
loc.pfeiffer@kutakrock.com
jeremy.williams@kutakrock.com
 *Counsel for Lynn L. Tavenner, Trustee*

## CERTIFICATE OF SERVICE

        I hereby certify under penalty of perjury that on January 8, 2014, a true and exact copy of
the foregoing was served via electronic mail as follows:

*Counsel for the Debtor:*
Bruce H. Matson
Bruce.Matson@leclairryan.com

/s/ Jeremy S. Williams
                    Counsel