**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
(804) 644-1700
 *Counsel for Lynn L. Tavenner, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: GEORGE EASF SHAHEEN, | Case No. 11-31102-KRH |
| | Chapter 7 |
| Debtor. | |

**ORDER APPROVING COMPROMISE**

THIS MATTER comes before the Court upon the *Trustee's Motion to Approve Compromise with Gloria Dean Shaheen* (the "Motion") filed by Lynn L. Tavenner, Trustee for the Bankruptcy Estate of George Easf Shaheen (the "Trustee"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, to approve the compromise reached with Gloria Dean Shaheen ("Mrs. Shaheen").  Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. On February 21, 2013, the Trustee initiated an adversary proceeding (the "Adversary Proceeding") against Mrs. Shaheen seeking, among other things, to avoid the transfer of George Easf Shaheen's (the "Debtor") retirement funds, which were used to purchase a Certificate of Deposit titled in both the Debtor and Mrs. Shaheen's names from Virginia Commonwealth Bank (Account No. 820013506) (the "CD").  Mrs. Shaheen asserts she is entitled to retain a portion of the proceeds of the CD.

4819-7507-7144.1

3. Mrs. Shaheen and the Trustee have engaged in serious discussions to resolve their differences and have reached a compromise. Mrs. Shaheen agrees to deliver to the Trustee one-half of the balance of the CD, which amount is approximately $30,250.00. The Trustee relinquishes any claim to the remaining balance of the funds. This compromise does not affect any of the parties' rights or interests concerning the appeal to this Court's Order and Memorandum Opinion regarding Mrs. Shaheen's Motion to Reconsider (Case No. 13-03036, ECF Nos. 55 and 56) entered in the Adversary Proceeding or the annuity that is subject of that appeal. In exercising her business judgment, the Trustee has concluded the settlement is fair and equitable and in the best interests of the Debtor's estate and creditors.

4. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* (citations omitted). These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burnham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

5. The Trustee conducted a cost-benefit analysis regarding these matters, including the costs associated with further litigation and the likelihood of recovery of any judgment obtained, and has concluded the compromise is fair, reasonable and serves the best interests of the estate and the creditors. In consideration of the probability of success in litigation, the potential difficulties in collection, the complexity of the litigation and the attending expense, inconveniences and delays, and the paramount interest of the creditors, the Court finds that the compromise is fair and reasonable. The Court adopts and approves of the Trustee's business judgment to enter into the compromise.

6. Notice of the Motion was properly served on all parties in interest pursuant to Federal Rule of Bankruptcy Procedure 2002. No objection was filed to the Motion.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED and the compromise is APPROVED.

2. Mrs. Shaheen shall pay $30,250.00 to the Trustee forthwith.

3. Any claims asserted or otherwise held by the Trustee to any remaining funds from the CD are hereby RELEASED.

4. Counsel for Mrs. Shaheen shall receive a copy of this Order via the Court's ECF system.

ENTERED: Feb 19 2014

/s/ Kevin R. Huennekens
_____
UNITED STATES BANKRUPTCY COURT JUDGE

Entered on Docket:2/19/14

4819-7507-7144.1

3

Order submitted by:

/s/  Jeremy S. Williams
**KUTAK ROCK LLP**
Loc Pfeiffer, VSB No. 39632
Jeremy S. Williams, VSB No. 77469
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
804-644-1700
loc.pfeiffer@kutakrock.com
jeremy.williams@kutakrock.com
   *Counsel for Lynn L. Tavenner, Trustee*

## CERTIFICATE OF SERVICE

Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that on 2/10/2014 a copy of this document was served via email on all necessary parties as follows:

*Counsel for Mrs. Shaheen*
Bruce H. Matson, Esq.
Email: bruce.matson@leclairryan.com

/s/ Jeremy S. Williams
_____
Counsel