Loc Pfeiffer (VSB No. 39632)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
(804) 644-1700
  *Counsel for Lynn L. Tavenner, Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| IN RE:  GEORGE EASF SHAHEEN, | Case No. 11-31102-KRH |
|  | Chapter 7 |
| Debtor. | |

### TRUSTEE'S SECOND AMENDED OBJECTION TO EXEMPTIONS

Lynn L. Tavenner, Trustee for the Bankruptcy Estate of George Easf Shaheen (the "Trustee"), by counsel, pursuant to Rule 4003(b)(1) of the Federal Rules of Bankruptcy Procedure, states as follows for her amended objection to the Debtor's exemptions:

### BACKGROUND

1. On February 22, 2011, George Easf Shaheen (the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in this Court.

2. The Trustee was appointed the Chapter 7 Trustee and continues to serve in such capacity.

3. On March 22, 2011, the Debtor filed his Schedules, including Schedule C, which asserts various exemptions (the "Exemption(s)").

4. On September 16, 2011, the Trustee filed the *Trustee's Objection to Debtor's Exemptions* [Docket No. 37] (the "Objection").

5. In response to the Objection, the Debtor filed the *Debtor's Response to Trustee's Objection to Debtor's Exemptions* [Docket No. 39] pursuant to which the Debtor requested more information.

4824-8826-2683.1

6. Subsequently, the Trustee filed suit against the Debtor's spouse, Gloria Shaheen, seeking to avoid certain transfers made to her prepetition. The Debtor sought to reach a global resolution with the Trustee with respect to the Objection and an adversary proceeding but no settlement was reached and, accordingly, the Objection was amended to detail the Trustee's position.

7. Two and a half years after the initial filing, on November 18, 2013, the Debtor filed amended schedules and included additional exemptions. The parties continue to work towards reaching global resolution of various matters in this case, but out of an abundance of caution and in light of a new exemption set forth in the recently filed schedules, the Trustee is amending her objections.

8. As set forth below, certain assets identified by the Debtor are either not exempt by law, or insufficient evidence has been presented to establish the validity of such exemption, and the Court should compel the turnover of such assets.

### SunTrust Checking Account

9. On the Debtor's schedules, the SunTrust Checking Accounts ending in -1878 and -1837 were identified as exempt and containing funds exclusively related to the Debtor's federal retirement account and social security account, respectively. Unless and until the Debtor presents sufficient evidence to establish the accounts contain no other funds than those identified, the exemption should be denied and the Debtor compelled to turn over the funds.

### Life Insurance

10. The Debtor has sought to exempt three Metropolitan Life Insurance policies in the total amount of $19,454.00. The Debtor has sought to exempt the life insurance policies under Virginia Code § 34-4 in the amount of $300. No basis exists for exempting the remaining

portion of the life insurance policies and the Debtor is obligated to turn over funds in an amount not less than $19,154.00.

### Guns, First Capital Bankshares and Bank of America Shares

11. Pursuant to the Debtor's schedules, the Debtor owns two handguns, two shotguns, a rifle, First Capital Bankshares and 600 shares of Bank of America, which the Debtor asserts are all owned as tenants-by-the-entirety (the "TBE Property"). No evidence has been presented to demonstrate the requisite intent to create such ownership is present and in fact, the shares indicate on their face that they are owned by the Debtor individually. Without further evidence, there is no tenancy-by-the-entirety and the TBE Property must be turned over to the Debtor's estate. *See Kerr v. Dill*, 72 Va. Cir. 148, *1 (Roanoke City 2006) (noting that although Virginia Code permits ownership of personal property jointly, there must be evidence to demonstrate the creation of a tenants-by-the-entirety relationship).

### Retirement Funds

12. In his schedules, the Debtor included four separate accounts categorized as defined benefit pension plans. The Debtor has a total of $1,799,177.00 in these accounts. The Debtor listed them under the heading for IRA, ERISA, Keogh or Other Pension or Profit Sharing Plans on his schedules and cites Virginia Code § 34-34. Va. Code § 34-34(B) provides that the interest of an individual under a retirement plan shall be exempt from creditors to the same extent permitted under federal bankruptcy law for such plan. Under the Bankruptcy Code, a retirement plan is exempt if those funds are held in an account exempt from taxation under § 401, 403, 408, 408(A), 414, 457 or 501 of the Internal Revenue Code (the "IRC"). With regard to the plans, the Debtor needs to specify which exemptions he is relying as § 34-34 includes a wide

4824-8826-2683.1

range of potential exemptions. To the extent the Debtor is relying on IRC. § 401, the plan is not exempt.

13. IRC § 401 provides that a pension plan is ERISA-qualified if the plan is for the exclusive benefit of the employees. Pursuant to an opinion issued by the Department of Labor, § 2510.3-3, employee benefit plans require the business actually have employees, and a sole proprietorship without any employees does not qualify. Based on the documents provided by the Debtor in connection with his pension plans, the Debtor operated his company as a sole proprietorship without any employees other than his wife (who does not qualify). Because no employees existed, the retirement accounts are not employee benefit plans and are not exempt pursuant to § 522(d)(12). *See In re Pruner*, 140 B.R. 1, 2 (M.D. Fla. 1992).

14. To the extent that Debtor is relying on § 522(d)(10)(E), this law allows exemption of pension plans as reasonably necessary, but not if: (i) such plan was established by an insider that employed the debtor; (ii) such payment is on account of age or length of service; and (iii) such plan does not qualify as tax-exempt under the IRC. Here, the retirements plans do not qualify under § 522(d)(10)(E). First, the plan was established by the Debtor's sole proprietorship, and it would be an insider that employed the Debtor. Second, there is no evidence presented to the Trustee that the plan is based on account of age or length of service. Finally, the plan does not qualify as tax-exempt because it is established by a sole proprietorship and the Debtor operated his plan in such a manner as to disqualify it. The Debtor fails to establish the plan is ERISA-qualified or otherwise meet the requirements of § 522(d)(10)(E) or § 522(d)(12).

15. The plan also fails to qualify as exempt as a tax-qualified plan under I.R.C. § 401. First, the plan lacks a proper spendthrift provision. Second, even if the plan does contain a

4824-8826-2683.1

spendthrift provision, it is unenforceable under state law, thereby failing to satisfy IRC § 401. Third and perhaps most convincingly, the plan has been operated by the Debtor in such a manner as to make it operationally disqualified. Specifically, the plan includes a non-employee participant. In addition, the burden is on the Debtor to establish that, since inception, the plan has been operated according to the requirement of the Internal Revenue Code, by, among other things, having the business make the appropriate contributions to the plan. The Debtor has not and cannot meet this burden.

16. For the reasons set forth above, the retirement funds are not exempt, and the proceeds of the plan are property of the bankruptcy estate that must be turned over to the Trustee.

17. With regard to the Pershing account, no information has been provided to determine the nature of the account; therefore, it is impossible to determine whether the account could qualify for an exemption.

### Proceeds from Retirement Account

18. The Debtor has asserted that proceeds from a retirement account in the amount of $121,000.00 are exempt pursuant to Virginia Code § 34-29. Virginia Code § 34-29 governs what amount of disposable income can be garnished and is not applicable to proceeds from the Debtor's retirement plan. Furthermore, any exemption which the Debtor may have had with respect to the funds were lost when such funds were commingled in a general operating account.

### Vehicles

19. With respect to the 2003 Mercedes S430 and the 2006 Mercedes ML500, the Debtor has failed to provide the titles indicating both the Debtor's name and his spouse's name are on the title. Until such time, there is a presumption that vehicles are not owned as tenants-

by-the-entirety.  Without such exemption, the value of the vehicles provided by the Debtor is substantially below market value and actual value exceeds the permissible exemption.

**WHEREFORE**, the Trustee respectfully requests the Court deny the Debtor's Exemptions and grant any further relief the Court deems proper.

                                           **LYNN L. TAVENNER, TRUSTEE**

                                      By: /s/ Jeremy S. Williams
                                                Counsel

**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
(804) 644-1700
loc.pfeiffer@kutakrock.com
jeremy.williams@kutakrock.com
  *Counsel for Lynn L. Tavenner, Trustee*

### CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that on June 3, 2014, a true and exact copy of the foregoing was served via electronic mail and CM/ECF as follows:

*Counsel for Plaintiff:*
Bruce H. Matson
LeClairRyan, A Professional Corporation
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Bruce.Matson@leclairryan.com

                                        By: /s/ Jeremy S. Williams
                                               Counsel